KEVIN S. CONLOGUE #10062
CONLOGUE LAW, LLP
292 S. La Cienega Blvd., Ste. 207
Beverly Hills, CA 90211
Telephone: (213) 255-8837
Facsimile: (213) 477-2069

Attorney for Plaintiff
GHARIB GAHRIBJANIANS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JOSHUA KNEPPER, LESLIE LUM-KING,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL BURGER; ALLEN-JOHN VERGURA; FREDRICK APO; LEONARDO JUAREZ; CITY & COUNTY OF HONOLULU,<br><br>Defendants. | CIVIL NO.:<br><br>**COMPLAINT FOR DAMAGES OF**<br><br>1) **First Amendment Violations (42 U.S.C. § 1983)**<br>2) **Unreasonable Search and Seizure (42 U.S.C. § 1983)**<br>3) *Monell* **Claim (42 U.S.C. § 1983)**<br>4) **Negligence**<br>5) **Battery**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiffs, JOSHUA KNEPPER and LESLIE LUM-KING (collectively "Plaintiffs"), for their claims against Defendants, MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, LEONARDO

1

JUAREZ, and CITY & COUNTY OF HONOLULU (collectively "Defendants"), and each of them, complains and alleges as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under state law and the United States Constitution in connection with a use of force incident by Defendants against Plaintiffs on April 7, 2022.

## PARTIES

2. At all times herein relevant, Plaintiff, JOSHUA KNEPPER ("Plaintiff"), an individual, was a resident of the City and County of CITY, State of Hawai'i.

3. At all times herein relevant, Plaintiff, LESLIE LUM-KING ("Plaintiff"), an individual, was a resident of the City and County of CITY, State of Hawai'i.

4. At all times herein relevant, Plaintiff is informed and believes, Defendant CITY & COUNTY OF HONOLULU ("CITY"), is and was a duly organized public entity, form unknown, existing under the laws of the State of Hawai'i. At all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the CITY Police Department ("HPD"), and particularly said Department's Patrol, Internal Investigations and Training, and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiffs, and their tactics methods, practices, customs and usages.

5. At all relevant times, CITY was the employer of Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, and LEONARDO JUAREZ, said individuals were employees and agents of CITY and subject to oversight and supervision by CITY's elected and non elected officials.

6. In doing the acts and failing and omitting to act as hereinafter described, Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO,

and LEONARDO JUAREZ, were acting on the implied and actual permission and consent of Defendant CITY.

7. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

8. Prior to the commencement of this action, Plaintiff presented a government tort claim with CITY in full and timely compliance with the Hawai'i Tort Claim Act. Said claim has been expressly denied or denied by operation of law by CITY. Plaintiff has complied with the requirements of the Hawai'i Tort Claim Act for the timely filing of formal claims with CITY.

9. Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, and LEONARDO JUAREZ did the acts and omissions hereinafter alleged willfully, intentionally, maliciously, in bad faith and with knowledge that their conduct violated well established and settled law.

## JURISDICTION AND VENUE

10. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by the U.S. Constitution, the First Amendment, the Fourth Amendment, the Fourteenth Amendment, and 42 U.S.C. § 1983. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1367.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in City & County of CITY, State of Hawai'i.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

13. On or around April 7, 2022, at around 11:00 a.m., Plaintiffs were lawfully sitting in traffic due to construction on Kalanianaole Highway just west of the

Waimanalo Health Center before the Moole Street intersection. Plaintiff JOSHUA KNEPPER was driving a car and Plaintiff LESLIE LUM-KING was sitting in the front passenger seat of the car. Defendant MICHAEL BURGER in a patrol car approached Plaintiffs' car and told Plaintiff JOSHUA KNEPPER to drive in the nearby Waimanalo Elementary School parking lot with him. There was no lawful reason to detain Plaintiffs at this time. Plaintiff JOSHUA KNEPPER then asked Defendant MICHAEL BURGER why he was getting pulled over and Defendant MICHAEL BURGER responded "it doesn't matter, I could pull you over for anything and make up any reason." Defendant MICHAEL BURGER then got out of his patrol car and approached Plaintiffs' vehicle, to which Plaintiff JOSHUA KNEPPER also exited his vehicle with his cellphone in hand. In violation of his First Amendment rights, Defendant MICHAEL BURGER repeatedly attempted to take Plaintiff JOSHUA KNEPPER's cellphone from him to prevent Plaintiff JOSHUA KNEPPER from recording the contact. Defendant ALLEN-JOHN VERGURA then approached the two, and Plaintiff JOSHUA KNEPPER put his cellphone back in his car for Plaintiff LESLIE LUM-KING to record the incident. Both Defendants MICHAEL BURGER and ALLEN-JOHN VERUGA then began using force against Plaintiff JOSHUA KNEPPER when there was no lawful purpose to do so, including but not limited to head strikes and the use of pepper spray. During the use of force, Defendants caused Plaintiff JOSHUA KNEPPER's pants to fall off where he was exposed to those in traffic watching the incident. Plaintiff LESLIE LUM-KING then exited the vehicle and stayed on the passenger side of the car, while Defendant LEONARDO JUAREZ entered the passenger-side of Plaintiffs' vehicle and essentially secured the vehicle. Without warning or a lawful reason, Defendant MICHAEL BURGER repeatedly used knee-strikes against Plaintiff JOSHUA KNEPPER legs and body while Defendant ALLEN-JOHN VERUGA held Plaintiff JOSHUA KNEPPER against his car, all the while Plaintiff JOSHUA KNEPPER was not resisting in any manner. Defendant

MICHAEL BURGER then began to pull and twist Plaintiff JOSHUA KNEPPER's ears when there was no lawful purpose to do so, but then stopped when Defendant FREDRICK APO arrived on scene. Defendant FREDRICK APO then began to place handcuffs on and arrest Plaintiff JOSHUA KNEPPER when there was no lawful reason to do so, and Defendant ALLEN-JOHN VERUGA continued to restrain Plaintiff while Defendant MICHAEL BURGER continued to use knee-strikes against Plaintiff JOSHUA KNEPPER's body when there was not lawful reason to do so. Defendant FREDRICK APO then began using fist strikes to Plaintiff JOSHUA KNEPPER's body for no lawful reason. All three Defendants then begin to use unlawful force against Plaintiff JOSHUA KNEPPER consisting of knee-strikes, closed fist head strikes, punches, and other force, all while Plaintiff was exposed with his pants down. All three Defendants then take Plaintiff JOSHUA KNEPPER to the ground, and Defendant MICHAEL BURGER then places his knee on Plaintiff's head forcing his skull into the asphalt. Defendants then handcuff Plaintiff and Defendant MICHAEL BURGER continued to use closed fist strikes against Plaintiff. Defendants then picked Plaintiff up from the street and took him over to the sidewalk where Defendant MICHAEL BURGER continued to use knee-strikes and kicks against Plaintiff JOSHUA KNEPPER when there was no lawful purpose to do so.

14. While force was being used against Plaintiff JOSHUA KNEPPER while he was pinned against his car, Defendant LEONARDO JUAREZ detained Plaintiff LESLIE LUM-KING by grabbing her bag in her arms and attempting to grab the phone in her hands when there was no lawful purpose to do so. Defendant LEONARDO JUAREZ then pulled on her bag again and either released the bag quickly causing the bag to strike Plaintiff LESLIE LUM-KING in her face or Defendant LEONARDO JUAREZ shoved the bag in Plaintiff LESLIE LUM-KING's face striking her.

15. After Plaintiffs were violently assaulted and injured, Defendants fabricated a false account of the incident in an attempt to cover up and to justify their conduct.

16. In accordance with CITY's custom and practice, Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, and LEONARDO JUAREZ willfully falsified crime and arrest reports by fabricating justifications for the violence inflicted upon Plaintiffs. Defendants arrested Plaintiff JOSHUA KNEPPER and took him into custody under false charges of harassing an officer, resisting arrest, and suspected use of narcotics when there was no evidence to support any charges.

17. During the entire encounter described above, Plaintiffs were not armed and, Plaintiffs did not verbally threaten or otherwise attempt to punch, kick, or grab any Defendant.

18. This aforementioned violent attacks on Plaintiffs caused Plaintiffs to sustain substantial physical and emotional injuries.

19. As a direct result of Defendants' excessive force, Plaintiffs suffered severe pain and suffering, mental anguish, humiliation, and emotional distress, and incurred economic losses.

## FIRST CLAIM FOR RELIEF

### First Amendment Violations (42 U.S.C. § 1983)

**(By Plaintiff JOSHUA KNEPPER against Defendants MICHAEL BURGER and ALLEN-JOHN VERGURA, and By Plaintiff LESLIE LUM-KING Against Defendant LEONARDO JUAREZ)**

20. Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 19, as though fully set forth herein.

21. At all times herein alleged, Plaintiffs were engaged in constitutionally protected activity of freedom of expression, speech, and assembly, secured to them under the First Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

22. Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, and LEONARDO JUAREZ, illegally interfered with Plaintiffs constitutionally protected activity of freedom of expression, speech, and assembly, as guaranteed to the Plaintiffs under the First Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

23. The actions of Defendants deprived Plaintiffs of their right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

24. As a result of the conduct of Defendants, Defendants are liable for Plaintiffs' injuries, either because they were an integral participants in the violation of Plaintiffs' Constitutional rights, or because they failed to intervene to prevent these violations.

25. The conduct of Defendants was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, and LEONARDO JUAREZ.

26. Accordingly, Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, and LEONARDO JUAREZ are liable to Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure (42 U.S.C. § 1983)**

**(By Plaintiff JOSHUA KNEPPER against Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, and FREDRICK APO, and By Plaintiff LESLIE LUM-KING Against Defendant LEONARDO JUAREZ)**

27. Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 26, as though fully set forth herein.

28. The unjustified use of excessive force, detainment, and false arrest by Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, and LEONARDO JUAREZ deprived Plaintiffs of their right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29. The actions of Defendants deprived Plaintiffs of their right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

30. As a result of the conduct of Defendants, they are liable for Plaintiffs' injuries, either because they were integral participants in the excessive force, detention, and false arrest, or because they failed to intervene to prevent these violations.

31. The conduct of Defendants was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, and LEONARDO JUAREZ.

32. Accordingly, Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, and LEONARDO JUAREZ are liable to Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

**THIRD CLAIM FOR RELIEF**

*Monell* **Claim (42 U.S.C. § 1983)**

**(By Plaintiffs Against Defendant CITY)**

33. Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 32, as though fully set forth herein.

34. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, Defendant CITY, with deliberate indifference, and conscious and

reckless disregard to the safety, security and constitutional and statutory rights of Plaintiffs, engaged in the unconstitutional conduct and omissions as is specifically elaborated in ¶¶12-19 above.

35. Defendant CITY is and at all times herein mentioned has been a public entity and incorporated municipality duly authorized and existing as such in and under the laws of the State of Hawai'i; and at all times herein mentioned, Defendant CITY and the HPD possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY and of the HPD and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance and the proper application of their powers of responding to the unlawful use of force, and to the detaining and false arrests of citizens, by its rank and file, generally.

36. At all times herein mentioned, MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, and LEONARDO JUAREZ were employees of the HPD acting under the CITY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth, and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned encouraged the employment, deployment and retention of persons as peace officers who have a propensity for unlawful use of force, and to the detaining and false arrests of citizens, including retaliation of constitutionally protected activities, dishonesty, cover-up, bias, and numerous other serious abuses of their duties as peace officers in the employment of the HPD and CITY.

37. Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to fairly and impartially investigate, discipline or prosecute officers who commit acts of

unlawful use of force, to the detaining and false arrests of citizens, including retaliation of constitutionally protected activities, dishonesty, cover-up, bias, and crimes under color of law, each ratified and approved by the HPD and CITY.

38. On and for some time prior to April 7, 2022 (and continuing to the present date), Defendant CITY, deprived Plaintiffs of the rights and liberties secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiffs, and of persons in her class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of, or ratified, directed, encouraged, and/or allowed the following:

    (a)    Employing and retaining as Police Officers and other personnel, including Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, and LEONARDO JUAREZ, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies and for using excessive force, and to the detaining and false arrests of citizens;

    (b)    Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers , and other CITY personnel, including Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, and LEONARDO JUAREZ. STABILE, who Defendants CITY knew or in the exercise of

reasonable care should have known had the aforementioned propensities and character traits;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, and LEONARDO JUAREZ, who are CITY Police Officers;

(d) By having and maintaining an unconstitutional custom and practice of using excessive force, to the detaining and false arrests of citizens, and covering up police misconduct. These customs and practices by CITY were condoned by said defendant in deliberate indifference to the safety and rights of its civilian, including Plaintiffs;

(e) Defendant CITY had knowledge, prior to and since this incident, of repeated allegations of misconduct involving excessive force, and to the detaining and false arrests of citizens, retaliation of citizens when they exercise their rights under constitutionally protected activities;

(f) Defendant CITY had knowledge, prior to and since this incident, of similar allegations of misconduct involving excessive force, and to the detaining and false arrests of citizens, retaliation of citizens when they exercise their rights under constitutionally protected activities, suppressing evidence, and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the rights of citizens;

(g) Defendant CITY and HPD refused to adequately discipline individual officers and employees found to have committed similar acts of misconduct involving excessive force, and to the detaining and false

arrests of citizens, retaliation of citizens when they exercise their rights under constitutionally protected activities;

(h) Defendant CITY and HPD refused to competently and impartially investigate allegations of misconduct involving excessive force, and to the detaining and false arrests of citizens, retaliation of citizens when they exercise their rights under constitutionally protected activities, and misconduct alleged to have been committed by Department employees;

(i) Defendant CITY and HPD reprimanded, threatened, intimidated, demoted and fired officers who courageously reported unlawful acts by other officers;

(j) Defendant CITY and HPD covered up acts of misconduct and abuse by CITY officers and sanctioned a code of silence by and among officers and management;

(k) Defendant CITY and HPD knew of and sanctioned the custom and practice of misconduct involving excessive force, and to the detaining and false arrests of citizens, retaliation of citizens when they exercise their rights under constitutionally protected activities;

(l) Defendant CITY and HPD failed to adequately supervise the actions of officers under their control and guidance;

(m) Defendant CITY and HPD historically condone and encourage systemic conspiracy of silence among its employees for the purpose of concealing and further wrongful and illegal conduct by its employees; and,

(n) Defendant CITY and HPD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by April 7, 2022, and thereafter, represented the unconstitutional policies practices and customs of the CITY and HPD.

39. By reason and pursuant to the aforesaid policies, practices, customs, and usages of Defendant CITY and the HPD, Plaintiffs have suffered severe pain and suffering, mental anguish, humiliation, and emotional distress, along with economic damages in an amount according to proof at trial.

40. Defendant CITY and the HPD, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs, and other individuals similarly situated.

41. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant CITY and HPD acted with an intentional, reckless, and callous disregard for the well-being of Plaintiffs and their constitutional as well as human rights. Defendant CITY and HPD and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

42. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant CITY and the HPD were affirmatively linked to and were a significantly influential force and moving force behind Plaintiffs' damages.

43. By reason of the aforesaid policies, customs, practices and usages, Plaintiffs' First, Fourth, and Fourteenth Amendment rights to the United States Constitution were violated. Said customs, policies, practices and usages at all times herein mentioned violated constitutional rights including those of Plaintiffs.

44. Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

# FOURTH CLAIM FOR RELIEF
## Negligence
### (By Plaintiffs Against All Defendants)

45. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 44, as though fully set forth herein.

46. At the aforementioned time and place, Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, LEONARDO JUAREZ, and CITY owed Plaintiffs a duty of due care, and that duty was breached by said Defendants' negligence and failure to exercise due care during the incident.

47. Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, LEONARDO JUAREZ, and CITY were also negligent and reckless with regard to the hiring, training, supervision and retention of its employees, agents, and/or independent contractors who had any form of involvement with the incident, and such negligent and reckless conduct also legally caused or contributed to causing the incident and damages to Plaintiffs as herein alleged.

48. By virtue of the foregoing, Defendant CITY owed Plaintiffs a duty of due care, and that duty was breached by Defendants' negligent and careless manner and in hiring, training, supervising and retaining by, among other things:

 a) Failing to adequately train its officers and employees on excessive force;

 b) Failing to adequately train its officers and employees on detaining and/or arresting citizens;

 c) Failing to adequately investigate background, training and experience as an employee and his propensity for truthfulness;

 d) Failing to provide adequate supervisory control over the actions of its employees in regard to adequate training, supervision, equipment, planning, oversight, and administration;

e) Failing to control the conduct of its employees who have a known propensity for retaliation against citizens who seek redress of grievances, falsifying or suppressing evidence and in failing to discipline its employees;

f) Failing to investigate in good faith, allegations of retaliation against citizens who seek redress of grievances, falsifying evidence or suppressing evidence by its employees;

g) Failing to discipline its employees who commit acts of retaliation against citizens who seek redress of grievances, falsify evidence and records or suppress evidence; and,

h) Sanctioning, condoning and approving a City-wide custom and practice of a code of silence, cover-up and dishonesty.

49. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiffs were injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

50. As a direct and proximate result of the foregoing, Plaintiffs have damages as recited above and demand and is entitled to damages, including, but not limited to, general, special and punitive damages (except as to Defendant CITY for punitive damages), and any other relief allowable at law or in equity.

### FIFTH CLAIM FOR RELIEF
### Battery
### (By Plaintiffs Against All Defendants)

51. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 50, as though fully set forth herein.

52. Defendants MICHAEL BURGER, ALLEN-JOHN VERGURA, FREDRICK APO, LEONARDO JUAREZ, and CITY used physical force against Plaintiffs without legal justification or excuse, knowing full well that Plaintiffs had

committed no crime, was unarmed and that they posed no threat to the officers or anyone else.

53. Defendants intentionally, willfully and recklessly committed a battery on the person of Plaintiffs, deliberately intending to cause severe injury to the person of Plaintiffs.

54. As a proximate cause of the unlawful battery by Defendants, Plaintiffs suffered severe pain and suffering, mental anguish, humiliation, and emotional distress, and other damages alleged herein.

55. As a direct and proximate result of the foregoing, Plaintiffs have damages as recited above and demand and is entitled to damages, including, but not limited to, general, special and punitive damages (except as to Defendant CITY for punitive damages), and any other relief allowable at law or in equity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs hereby prays for judgment against Defendants, and each of them, as follows:

1. For general, special, and compensatory damages in the amount to be proven at trial;
2. For punitive damages in an amount to be proven at trial (save against CITY);
3. For interest;
4. For costs;
5. For reasonable costs of this suit and attorneys' fees pursuant to 42 U.S.C. § 1988; and
6. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: Beverly Hills, California, December 30, 2022

**CONLOGUE LAW, LLP**

__s/Kevin S. Conlogue__
KEVIN S. CONLOGUE

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demands a trial by jury in this action.


DATED: Beverly Hills, California, December 30, 2022

**CONLOGUE LAW, LLP**

 s/Kevin S. Conlogue
KEVIN S. CONLOGUE