IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOSHUA KNEPPER and LESLIE LUM-KING,<br><br>    Plaintiffs,<br><br>  v.<br><br>MICHAEL BURGER, *et al.*,<br><br>    Defendants. | Case No. 22-cv-00556-DKW-WRP<br><br>**ORDER (1) GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND (2) GRANTING PARTIAL LEAVE TO AMEND** |

   Defendant City & County of Honolulu (City) moves for judgment on the pleadings (motion) relating to certain claims alleged in Plaintiffs Joshua Knepper (Knepper) and Leslie Lum-King's (collectively, Plaintiffs) Second Amended Complaint (SAC).   Specifically, the City argues that the Court's prior dismissal of certain claims, which have not been amended, should remain dismissed, despite those claims being re-alleged in the SAC.   The City further argues that Claims Six and Seven make only conclusory assertions of misconduct and, thus, should be dismissed.   In response, Plaintiffs state that, in the SAC, they do not intend to "resuscitate" claims previously dismissed.   Plaintiffs argue, though, that Claims Six and Seven are adequately pled in the SAC.

   Having reviewed the SAC and the parties' briefing concerning the same, the Court agrees with the City that, as alleged, Claims Six and Seven do not adequately

(or fairly) provide notice of their underlying factual basis.   Notably, while facts that could underpin those claims are alleged somewhere in the 26-page SAC, only in Plaintiffs' response is it more precisely explained.   Because of this, while dismissal is appropriate, it is also appropriate, given that this is the first time Plaintiffs have been apprised of the deficiencies with respect to Claims Six and Seven, to grant leave to amend the same to the extent set forth below.   As for the claims previously dismissed, in light of Plaintiffs' agreement that they are not "resuscitate[d]" in the SAC, the motion is GRANTED with respect to the same and without leave to amend.

## PROCEDURAL BACKGROUND

On December 30, 2022, Plaintiffs initiated this proceeding with the filing of a Complaint against the City and Defendants Michael Burger, Allen-John Vergura, Frederick Apo, and Leonardo Juarez.   Dkt. No. 1.   On June 8, 2023, after the filing of an Amended Complaint, Dkt. No. 35, the City moved for dismissal of certain, but not all, claims therein, Dkt. No. 37.   On July 28, 2023, the Court granted in part and denied in part the motion to dismiss.   Dkt. No. 54.   In relevant part, the Court dismissed Claim Three, a claim brought under *Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658 (1978), to the extent it relied upon a ratification or failure-to-train theory of liability, but allowed the claim to proceed to the extent it relied upon an unofficial custom of the City.   The Court further dismissed Claim

Four, a negligence claim, to the extent it relied upon a theory of negligent training, supervision, or retention against the City.   Plaintiffs, though, were allowed until August 18, 2023 to amend any claim dismissed in the July 28, 2023 Order.

Plaintiffs, however, did not file an amended complaint on or before August 18, 2023.   Instead, with leave of Court, on February 29, 2024, Plaintiffs filed the SAC.   Dkt. Nos. 87-88.   Therein, along with asserting all claims, including the dismissed claims, raised in the Amended Complaint, Plaintiffs also asserted three additional claims (Claims Six to Eight) concerning alleged violations of the First, Fourth, and Fourteenth Amendments.   Dkt. No. 88.

On May 17, 2024, the City filed a motion for judgment on the pleadings with respect to the SAC.   Dkt. No. 95.   First, the City moves for "confirm[ation]" of the partial dismissal of Claims Three and Four.   Second, the City moves for dismissal of Claims Six and Seven on the grounds that those claims are "unclear" and "deficiently" pled.   Plaintiffs have, at least in part, opposed the motion.   Dkt. No. 97.   First, Plaintiffs state that they do not intend to "resuscitate" claims dismissed in the July 28, 2023 Order.   Second, Plaintiffs argue that Claim Six adequately alleges a First Amendment "right to redress grievances" claim, and Claim Seven adequately alleges a First Amendment "retaliation" claim.   The City has filed a reply in support of the motion.   Dkt. No. 98.

This Order now follows.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed…a party may move for judgment on the pleadings."   The standard governing a Rule 12(c) motion is "functionally identical" to that governing a Federal Rule of Civil Procedure 12(b)(6) motion.   *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."   Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."   *Id.*   Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citing *Twombly*, 550 U.S. at 556).   Factual

allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief, as required by Rule 8(a)(2). *Id*. at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

As mentioned above, the City moves for relief in two principal respects. First, the City moves for "confirm[ation]" of the partial dismissal of Claims Three and Four. Second, the City moves for dismissal of Claims Six and Seven on the ground that those claims are "unclear" and "deficiently" pled.

In light of Plaintiffs' opposition, the first matter can be dealt with in short order. Specifically, Plaintiffs acknowledge that they do not seek to "resuscitate" previously dismissed claims. Dkt. No. 97 at 5. Accordingly, so the record is clear, Claim Three, to the extent it relies upon ratification or a failure-to-train, and Claim

Four, to the extent it relies upon negligent training, supervision, or retention, remain dismissed in this proceeding.

This leaves the City's arguments with respect to Claims Six and Seven. Essentially, the City argues that these claims are "unclear" because it is not possible to distinguish them from other claims in the SAC, and they do not adequately plead First or Fourteenth Amendment claims.   Dkt. No. 95 at 4-8.   In response, Plaintiffs argue that Claims Six and Seven, respectively, allege a First Amendment "right to redress grievances" claim and a First Amendment "retaliation" claim.   Dkt. No. 97 at 5-8.

Having reviewed the SAC and the parties' briefing related thereto, the Court agrees with the City that Claims Six and Seven are unclear to the extent that they do not provide meaningful notice of the alleged facts underpinning the same. However, because this deficiency could be ameliorated by amendment, dismissal is without prejudice, as explained further below.

The lack of clarity to Claims Six and Seven is demonstrated by Plaintiffs' own opposition.   In the SAC, Claim Six is captioned as being a First Amendment claim concerning the "right to redress grievances."   Dkt. No. 88 at 23.   Other than conclusory assertions that such a right was violated and incorporating by reference 78 previous paragraphs, there is no attempt to allege the facts allegedly supporting the claim.   *See generally id*. at ¶¶ 79-85.   In their opposition, for the first time,

Plaintiffs assert that Claim Six is premised upon Defendant Burger having criminal charges filed against Plaintiff Knepper due to Knepper bringing a lawsuit against Burger.   Dkt. No. 97 at 6-7.   Plaintiffs further argue that these alleged facts support a First Amendment violation, citing two decisions of the Ninth Circuit.   *Id.* at 7. Plaintiffs' citation to those decisions, however, relate to a First Amendment *retaliation* claim, even though, as captioned in the SAC, Claim Six is meant to be a First Amendment "right to redress grievances" claim.   *See id.* (citing *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 n.1 (9th Cir. 2010) (explaining the legal standard for a First Amendment *retaliation* claim); *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (same)).

As for Claim Seven, in the SAC, it is captioned as a Due Process retaliation claim.   Dkt. No. 88 at 24.   In addition, like Claim Six, other than conclusory assertions that the Fourteenth Amendment's Due Process Clause was violated and incorporating by reference 85 previous paragraphs, there is no attempt to allege the facts supporting the claim.   *See generally id.* at ¶¶ 86-93.   Instead, in their opposition, for the first time, Plaintiffs explain that Claim Seven is premised upon Defendant Burger "directing" a State prosecutor to file criminal charges against Knepper due to Knepper bringing a lawsuit against Burger.   Dkt. No. 97 at 7-8. Plaintiffs further assert, contrary to the caption for Claim Seven in the SAC, that Claim Seven is a *First Amendment* retaliation claim.   *Id.* at 7-8.

Put simply, while Plaintiffs' opposition may provide some *factual* clarity to Claims Six and Seven, it equally either contradicts the SAC or obfuscates the *legal* basis for the same.   Notably, as explained in the opposition, not only do *both* Claims Six and Seven now appear to be First Amendment retaliation claims, but *both* claims appear to be premised upon the same set of facts: Burger allegedly retaliating against Knepper for bringing this lawsuit.   Thus, the presence of both Claim Six and Claim Seven in the SAC would appear to be unnecessary, *i.e.*, at most, one claim would seem to suffice to cover the factual and legal basis set forth in the opposition.

In this light, Plaintiffs must amend the SAC.   Specifically, Plaintiffs are granted leave to amend the SAC solely to the extent that they may amend Claims Six and Seven to accurately assert the legal foundation of the claims *and* the specific facts supporting them.   Should the legal and factual basis of the claims be the same, Plaintiffs may only amend the SAC to bring *one* such claim.[1]

## CONCLUSION

For the reasons stated herein, the motion for judgment on the pleadings, Dkt. No. 95, is GRANTED.   Plaintiffs may have until July 12, 2024 to amend Claims

---

[1]Further, in any amended complaint Plaintiffs may file, they need not re-allege Claims Three and Four to the extent they rely on legal theories that have already been dismissed.   *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal).   To the extent Plaintiffs do re-allege Claims Three and Four on the basis of legal theories that have already been dismissed, Plaintiffs will not be permitted to proceed in this case based upon those theories, and Defendants need not move once again to "confirm" that the claims remain dismissed.

Six and Seven of the SAC to the extent set forth herein.    Should Plaintiffs choose to so amend, they must also re-allege all other claims not previously dismissed and on which they wish to proceed in this action.    Should Plaintiffs choose not to file a further amended complaint by July 12, 2024 this action will proceed on the claims remaining in the SAC.

      IT IS SO ORDERED.

      Dated: June 25, 2024 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge